# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN RAY HOLMES,

    *Petitioner*,

vs.

EIGHTH JUDICIAL DISTRICT COURT, *et al.*,

    *Respondents*.

No. 3:14-cv-00086-LRH-WGC

ORDER

This action brought by a Nevada state inmate comes before the Court for initial review of the papers presented, in which petitioner seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure from an order or judgment issued by a state district court.

## *Background*

On December 7, 1999, Kevin Ray Holmes was convicted in Nevada state court, following a remand for a new trial and pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. He was sentenced to two consecutive terms of life with the possibility of parole for first-degree murder with the use of a deadly weapon and two consecutive terms of twenty years each for attempted murder with the use of a deadly weapon, to run concurrently with the two life sentences.

Petitioner challenged the December 7, 1999, judgment of conviction in a federal habeas petition in this Court in No. 3:04-cv-00098-PMP-VPC. The Court denied the petition on the merits, and the Ninth Circuit affirmed on appeal on October 31, 2007.

In the present action, filed over five years after the conclusion of the prior federal action, petitioner has filed: (a) a pauper application; (b) an entirely handwritten paper styled as a motion

pursuant to Rule 60(b) contesting judgment; and (c) a motion for appointment of counsel. No petition or complaint was submitted with the papers.

### *Discussion*

The papers presented are subject to multiple substantial defects.

First, petitioner did not properly commence the action by submitting a properly-completed pauper application with all required attachments. Under 28 U.S.C. § 1915(a)(2) and LSR1-2 of the local rules, a petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner did not submit an inmate account statement. He must attach both an executed financial certificate and an inmate account statement.

Second, the pauper application is completed for a habeas action, with a $5.00 filing fee, but petitioner has not tendered papers that would commence a habeas action. He instead has sought to commence a different proceeding in which he seeks to set aside a state court judgment under Rule 60(b). Under 28 U.S.C. § 1914(a), "[t]he clerk . . . shall require the parties instituting any civil action, suit or proceeding . . . whether by original process, removal or otherwise, to pay of filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." Given the papers that petitioner filed, he would have to pay the $350.00 filing fee for a civil action or seek to pay that fee in installments under the Prison Litigation Reform Act. Although the Clerk docketed the action as a habeas action, petitioner did not file a petition for a writ of habeas corpus.

Third, a litigant must file a pleading to commence a federal civil action, regardless of whether the action is, for example, a civil rights action or a habeas action. A litigant may not commence a federal action simply by filing a motion. Petitioner filed neither a complaint nor a petition in this case.

Fourth, Rule 60 does not provide a basis for challenging a state court judgment. Rule 60 applies only in federal courts and provides a basis for filing a motion in a federal court action challenging a federal judgment or order. Neither Rule 60 nor any other provision cited by petitioner in his motion provides a basis for challenging a state court judgment or order by a motion in a federal civil action.[1]

---

[1] Rule 60(d) refers to an independent action, but the action referred to is a federal action challenging a federal judgment, not a federal action challenging a state court judgment. A petition for a writ of *coram nobis*, where it is
(continued...)

Fifth, the relief sought – federal court review of a state court judgment under Rule 60(b) – would constitute an exercise of appellate jurisdiction by this lower federal district court over the state courts. A federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, and/or an exercise of supervisory jurisdiction. *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). If petitioner wishes to seek collateral review in federal court of his conviction, he would have to file a petition for a writ of habeas corpus. He may not seek such federal review of a state court judgment or judgments in a federal civil action other than a habeas action. A motion for Rule 60(b) relief, again, is not a habeas action.[2]

Sixth, petitioner cannot proceed against the Eighth Judicial District Court in federal court. Petitioner may not proceed directly against the State of Nevada or an arm of the State in federal court due to the state sovereign immunity recognized by the Eleventh Amendment. State sovereign immunity bars an action against the State or an arm of the State in federal court regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

Seventh, to the extent that petitioner is seeking to challenge his judgment of conviction other than through a habeas petition, the civil action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). An inmate may not pursue claims that necessarily challenge the validity of a conviction in a civil action other than a federal habeas action. *Id.*

Eighth, on the other hand, even if petitioner *arguendo* were regarded as pursuing a habeas petition, he has failed to name his immediate physical custodian as a respondent.

Due to these multiple defects, the petition in this improperly-commenced action will be dismissed without prejudice.

---

[1](...continued)
available, may be brought only in the court that sentenced the petitioner, as a continuation of the original criminal proceeding. It is not a writ that is available in a civil post-conviction proceeding in federal court to challenge a conviction or sentence entered by a state court. *See, e.g.,Yasui v. United States*, 772 F.2d 1496, 1498-99 (9th Cir. 1985); *Madigan v. Wells*, 224 F.2d 577, 578 n.2 (9th Cir. 1955).

[2]Nothing herein directs or authorizes petitioner to file a habeas action or any other action. The Court notes only that petitioner may not challenge a state court judgment through a Rule 60(b) motion in federal court. Nor does the Court imply that a habeas action or any other action would be timely or free of other deficiencies. Petitioner at all times remains responsible for calculating the running of all applicable limitation periods and timely seeking appropriate relief.

It does not appear that a dismissal without prejudice to a new action would materially impact adjudication of any issue of substance in a promptly filed new action or otherwise cause substantial prejudice. With regard to a possible federal habeas petition in particular, the federal limitation period long since has expired on its face. Moreover, petitioner in any event must seek permission from the Court of Appeals before pursuing such a petition, a requirement of which he already has been made aware.[3] The dismissal of the present action without prejudice will not materially impact the adjudication of these or any other substantial issues in a promptly-filed new action.

The motion for appointment of counsel will be denied. Appointment of counsel in this frivolous action would be a waste of limited resources.

IT THEREFORE IS ORDERED that all motions are DENIED and that this action shall be DISMISSED without prejudice to the filing of a new pleading on a required form with a pauper application with all required financial attachments in a new civil action under a new docket number.

IT FURTHER IS ORDERED that, to the extent required in this procedural context, a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of this improperly-commenced and frivolous action to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice.

The Clerk of Court shall SEND petitioner: (a) two copies each of the forms for a pauper application for an incarcerated person, a noncapital habeas petition form, and a civil rights complaint form; (b) one copy of the instructions for the forms; and (c) one copy of the papers that he filed.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED this 14th day of February, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Petitioner's prior federal petition in No. 3:12-cv-00572-LRH-VPC was dismissed as a successive petition on June 26, 2013. The Court of Appeals denied a certificate of appealability, a petition for a writ of mandamus, and a motion for appointment of counsel. The most recent order from the Ninth Circuit was issued on January 13, 2014.